

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

December 15, 1949

Hon. O. B. Ellis
General Manager
Texas Prison System
Huntsville, Texas

Opinion No. V-968

Re: Procedure for discharging
   inmates of the Texas Prison
   System who have been de-
   clared insane and now ap-
   pear sane.

Dear Sir:

Your recent letter to this office reads, in part, as follows:

"We desire the opinion of your department as to procedure in discharging inmates of the Texas Prison System who have been declared insane and now appear sane."

From your letter it appears that the inmates to whom this question relates were adjudged insane after they had entered prison but before the expiration of their respective sentences.

Article 928, Vernon's Code Criminal Procedure, which deals with insanity after conviction, provides:

"If the defendant becomes sane, he shall be brought before the court in which he was convicted or before the District Court in the County in which the defendant is located at the time he is alleged to have become sane; and, a jury shall be impaneled in the Court before which such defendant is brought to try the issue of his sanity; and, if he is found to be sane, the conviction shall be enforced against him as if the proceedings had never been suspended."

Article 929, Vernon's Code Criminal Procedure, authorizes the superintendent of the asylum in which the prisoner is an inmate to initiate restoration of sanity proceedings by presenting to the court a written certificate as to the inmate's sanity.

In view of Article 928 and 929, Vernon's Code Criminal Procedure, we conclude that the superintendent of the asylum in which the convict is an inmate is authorized to present a written certificate as to the sanity of a convict-inmate to the District Court in the county where the asylum is located or to the court in which the inmate was convicted of the crime for which he has been imprisoned, and thereupon the issue of the inmate's sanity shall be tried.

If the convict-inmate is adjudged sane, he should be removed from the asylum and reconfined in the penitentiary proper for the expiration of his sentence. This is the view taken in Attorney General's Opinion No. 0-5721, by a former administration, which has been cited with approval in Attorney General's Opinion No. V-498.

Attorney General's Opinion No. 0-5721 holds: "We are of the opinion that the foregoing discussion discloses a legislative policy in Texas of not subjecting insane persons to criminal punishment, and that the time spent by an insane in a state hospital should not be counted on his sentence as a criminal."

## SUMMARY

The procedure for the discharge of an inmate of the Texas Prison System who has been adjudged insane but now appears sane is for the superintendent of the asylum in which the convict is an inmate to present a written certificate as to the sanity of the prisoner to the District Court in the county where the asylum is located or to the court in which the inmate was convicted of the crime for which he has been imprisoned, and if upon trial, the prisoner is adjudged sane, he should be removed from the asylum and reconfined in the penitentiary proper for the expiration of his sentence.

Yours very truly,

APPROVED:

Price Daniel
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

BY    Pat T. Peyton, Jr.
Assistant

PTP:v